# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2014

Lyle W. Cayce
Clerk

RODNEY DALE HOOD,

Plaintiff-Appellant

v.

MONTGOMERY COUNTY, TEXAS; KENNETH G. DAVIS; EDSEL WEST; SHERIFF MONTGOMERY COUNTY TEXAS; ROBERT SIMARD; TRACY TIDWELL; MINI PARKER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-726

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

A jury convicted Rodney Dale Hood, Texas prisoner # 1659266, of felony driving while intoxicated and, after finding two enhancement paragraphs true, the trial court sentenced him to 50 years of imprisonment. Hood's allegations in the instant 42 U.S.C. § 1983 complaint involve claims arising from the time period of February 2010 until August 2010, while he was incarcerated at the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20040

Montgomery County Jail (MCJ).    The district court granted summary judgment in favor of the Appellees and dismissed Hood's complaint.    Hood appeals, arguing that the Appellees violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs and that the Appellees are not entitled to qualified immunity.

To meet the "extremely high standard" of deliberate indifference, Hood must establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotation marks and citation omitted).    The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).    The official must also draw that inference.    *Id.*    "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).    A prisoner who alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino*, 239 F.3d at 756.

Hood's arguments on appeal amount to conclusional allegations and unsubstantiated assertions that are not supported by the record, which are insufficient to refute a summary judgment motion. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).    At best, his arguments amount to disagreement with the medical treatment that he received while at MCJ, which included prescribed medications for the treatment of high blood

2

No. 14-20040

pressure, constipation, depression and anxiety, and seizures. Hood's disagreement with the medical treatment that he received does not amount to deliberate indifference. *See Gobert*, 463 F.3d at 346. Moreover, the record does not indicate that the Appellees acted subjectively with deliberate indifference to Hood's health and safety. *See Farmer*, 511 U.S. at 837. Because Hood has failed to show that the Appellees violated a clearly established constitutional right, the Appellees were entitled to qualified immunity on Hood's claims. *See Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009).

AFFIRMED.